UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Linda Catano ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| Laboratory Billing Solutions, Inc. ) | |
| ) | |
| Defendant ) | |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

I.  INTRODUCTION

1. This is an action brought under the ADAAA alleging that the Plaintiff was fired in retaliation for her request for accommodation of her disability.

II.  PARTIES

2. Plaintiff Linda Catano is a New Hampshire resident, formerly employed by the Defendant.

3. The Defendant, Laboratory Billing Solutions, Inc., is a business incorporated and doing business in the State of New Hampshire with fifteen (15) or more employees.

1

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this federal question matter brought under the Americans with Disabilities Act as amended (42 USC §12101, et. seq.), pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 42 U.S.C. § 2000 (e) – 5(f) (3), because the alleged unlawful acts occurred within this District.

### IV. PROCEDURAL HISTORY

6. Plaintiff brought a timely charge of disability discrimination and retaliation before the New Hampshire Commission for Human Rights (HAC) which was cross filed with the Equal Employment Opportunity Commission (EEOC).

7. Following an investigation, the HRC found probable cause to believe that the Defendant had engaged in discrimination and retaliation.

8. The HRC held a public hearing regarding Plaintiff's charge of retaliation.

9. By a 2 to 1 vote the Commission decided against the Plaintiff on the ground that even though the employer's stated reason for her termination was a "sham", that nonetheless she was terminated for performance related reasons.

10. The EEOC issued a Right to Sue Notice on September 1, 2021.

## V.  ALLEGATIONS OF FACT

11. Plaintiff was employed as a Customer Service Representative ("CSR") by the Defendant from September, 2010 until her firing of November, 2015.

12. All CRS's worked remotely out of their homes.

13. Plaintiff was hired in part because she was bilingual.

14. Complainant's job performance was good.

15. During the latter course of her employment, plaintiff had a disability which substantially limited one or more major life activities.

16. As a result of her disability, she applied for and received FMLA leave from June 11, to July 15, 2016.

17. After her return to work, she experienced exacerbation of her disability which required medical treatment.

18. Based upon her doctor's advice and documentation, she sought reasonable accommodations for her disability.

19. Defendant retaliated against her requests for accommodation by subjecting her to, critical and sometimes abusive treatment.

20. It insisted that she travel more than one hour each way to its Portsmouth Office in order to receive retraining as part of a corrective action plan.

21. Defendant insisted upon her compliance with this requirement even though she presented medical documentation that such lengthy driving would further aggravate her disability and would be unsafe from a medical perspective.

22. All of the "retraining" could have been done virtually from her home.

23. Defendant had not previously required her or other customer service representatives to travel to Portsmouth for retraining or as part of a performance improvement plan.

24. Defendant suspended Plaintiff without pay and threatened her with firing if she did not make the trip to its Portsmouth office.

25. Under duress, Plaintiff attended three (3) sessions of retraining at the Portsmouth office.

26. Following the third session, Defendant informed Plaintiff that she was being fired for an incident that occurred ten (10) days before in which her son had opened her office door and overheard her managers yelling at her because of her reluctance to make the trip to Portsmouth.

27. Defendant did not required that CSRs lock their home office.

28. Defendant claimed this was a confidentiality/HIPAA violation.

29. At the time of this incident, Plaintiff was on unpaid suspension because of the dispute about her attending the training at the Portsmouth Office.

30. While on suspension Plaintiff did not have access to customer information or any other protected health information.

31. Defendant knew that there had been no HIPAA violation or other disclosure of customer information.

32. Had there been a compromise of protected health information, Defendant would have been obligated under HIPAA to notify the Government as well as the patients whose information had been compromised.

33. No such notification was given.

34. Defendant's false claim of a HIPAA/confidentiality violation was a pretext to fire the Plaintiff because of her insistence upon her right to disability accommodation.

35. But for Plaintiff's insistence on her right to reasonable accommodation, she would not have been terminated.

36. As a result of being fired, Plaintiff suffered serious economic and emotional injury.

37. Defendant acted intentionally in retaliating against the Plaintiff.

## COUNT 1

### ADAAA 42 U.S.C. § 12203 (a)

38. Defendant retaliated against the Plaintiff because she opposed Defendant's failure to reasonably accommodate her disability.

## COUNT II

### ADAAA 42 U.S.C. § 12203 (b)

39. Defendant coerced, intimidated and interfered with the Plaintiff's exercise of her rights protected by the ADAAA.

WHEREFORE, Plaintiff respectfully requests:

A. That she be reinstated to her prior position with her retroactive seniority;

B. That she be compensated for her wage, benefit and other financial losses;

C. That she be compensated for her non-financial losses;

D. That she be awarded punitive damages for intentional discrimination;

E. That she be awarded compensation for any taxes losses occasioned by a judgment in her favor;

F. That she be awarded pre-judgment interest;

G. That she be reimbursed for her reasonable attorney fees and expenses; and

H. For such other relief and the Court deems just and proper.

**PLAINTIFF DEMANDS HER RIGHTS TO JURY TRIAL.**

                Respectfully submitted,

                LINDA CATANO
                By her attorneys,
                BACKUS, MEYER & BRANCH LLP

Dated: 11/10/2021              /s/ Jon Meyer
                                    Jon Meyer, Esquire, NH Bar No. 1744
                                    116 Lowell Street
                                    Manchester, NH  03104
                                    (603)668-7272
                                    jmeyer@nbackusmeyer.com